252

WEBSTER, by Guardian *ad litem,* and another, Plaintiffs and Respondents, vs. KREMBS and another, Defendants and Respondents : CONNECTICUT INDEMNITY COMPANY and another, Defendants and Appellants.

*November 9, 1938—February 7, 1939.*

For the appellants there were briefs by *Lyel N. Jenkins,* and oral argument by *Mr. Jenkins* and *Mr. James A. Van Wagenen,* both of Stevens Point.

For the respondents Zilphia A. Webster and James C. Webster there was a brief by *Lloyd D. Smith* of Waupaca and *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *Mr. Smith* and *Mr. R. T. Reinholdt.*

For the respondents Travelers Indemnity Company and Gerhardt Krembs there were briefs by *Brazeau & Graves* of Wisconsin Rapids and *Kenneth Anderson* of Stevens Point, and oral argument by *Mr. Ray B. Graves* and *Mr. Anderson.*

The following opinion was filed December 6, 1938:

FRITZ, J.   The defendants, Agnes Cooper and her automobile liability insurance carrier, appeal from a judgment against them for the recovery by the plaintiffs, Zilphia A. Webster, a minor, and her father James C. Webster, of damages sustained by them as the result of injury to Zilphia A. Webster by the negligence of the defendant Agnes Cooper in operating an automobile which collided with a car driven by Gerhardt Krembs, in which Zilphia A. Webster was a guest.   The plaintiffs' complaint against Krembs and his insurer and also a cross complaint filed against them by Cooper and her insurer for contribution were dismissed by the judgment.

Before considering matters involving the merits, we may dispose of a question of practice raised by the appellants' contention that because the motions after verdict were not decided within sixty days after the verdict was rendered, and that period was not duly extended by an order, the court was without jurisdiction after the expiration of that period, in view of sec. 270.49 (1), Stats., to substitute its finding for

an answer in the special verdict, or to do any more than enter judgment on the verdict as returned by the jury. The contention is based on language in the opinions in *Lingelbach v. Carriveau,* 211 Wis. 653, 248 N. W. 117, 248 N. W. 922, and *Beck v. Wallmow,* 226 Wis. 652, 657, 277 N. W. 705, construing and applying sec. 270.49, Stats. However, it must be noted that the orders under consideration in those cases granted new trials after the expiration of the sixty-day period, and also that by the terms therein the scope and effect of sec. 270.49, Stats., is limited to motions "to set aside a verdict *and grant a new trial.*" By reason of that limitation the restriction that "such motion must be made and heard within sixty days after the verdict is rendered" is applicable only to motions for orders granting a new trial in conjunction with setting aside a verdict. It is not applicable to motions after verdict for other purposes, or to orders granted otherwise than for a new trial.

The collision in question occurred at or near the west line of the right-angle intersection of Highway No. 10, running east and west, and a graveled town road running north and south. The latter was about twenty feet wide. Highway No. 10 had a twenty-feet-wide concrete roadway, with four-feet-wide level shoulders on each side extending to guard-rails paralleling the roadway. The defendant Cooper approached and entered the intersection from the south and turned westward on Highway No. 10. Krembs approached from the east and continued westward beyond the intersection.

The jury found (1) that Cooper was not negligent by failure to stop before entering Highway No. 10; (2) but that there was causal negligence on her part by (a) not keeping a proper lookout, (b) not yielding the right of way, and (c) not making a turn as near as practicable to the left of the center of the intersection; and (3) that Krembs (a) was not

negligent by not keeping a proper lookout, but (b) there was causal negligence on his part by not keeping the car under proper control in approaching the intersection. On motions after verdict the court changed the finding that Krembs was negligent in respect to control to a finding that he was not negligent; and entered judgment for the recovery of the plaintiffs' damages from only Cooper and her insurer.

The latter contend that the court erred in substituting its finding that Krembs was not negligent for the jury's finding that he was negligent in not keeping his car under proper control. In passing upon that contention, it must be noted that the fact that the court considered the jury's finding against the preponderance of the evidence would not warrant discarding that finding. If there was any credible evidence which reasonably admitted of inferences sufficient to sustain the jury's finding then what were the proper inferences to be drawn was for the jury, and its findings could not be discarded by the court, although a new trial could have been granted on that ground in the exercise of the court's discretion in the interests of justice. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741.

It is undisputed that Krembs in coming toward the intersection from the east drove at a speed of forty-five to fifty miles per hour, and that while he was approaching the place of the collision and until after it happened, there was no other traffic on the highway in that vicinity which prevented the use of all parts thereof by either of the cars. There was testimony that the Cooper car had stopped before entering Highway No. 10, and that when it entered upon the concrete Krembs was more than two hundred feet east of the intersection; and he admitted that when that car started onto the concrete he was about two hundred feet east of the intersection and that he was about at the east line of the intersection when he first applied his brakes. There was also testimony to the following effect: That the Cooper car had completed

the turn westward in the intersection, and was headed and proceeding westward clear over on the north half of the concrete when the rear thereof was struck by the right front part of Krembs' car; that a tire skid mark made by the latter car started at a point two feet north of the center line of the concrete and twenty-seven feet west of the west line of the intersection, and then continued in a diagonal southwesterly direction twenty-seven feet until it crossed the center line; that ten feet further west there was splintered red glass on the concrete, and thirty feet beyond there were hubcap marks and fender marks on the north guardrail where the Cooper car had come to a stop; and that the Krembs' car came to a stop facing southwest on the south half of the concrete. In view of that testimony the jury was warranted in believing that although Krembs saw the Cooper car enter upon the concrete roadway when he was two hundred feet east of the intersection, and that it turned westward in the intersection and proceeded in that direction on the north half of the concrete, he, in approaching and overtaking that car, did not steer his car sufficiently to the south to pass in safety, as he could have done, on that half of the concrete, and did not apply his brakes effectively in so far as is indicated by any skid mark, until his car was twenty-seven feet west of the intersection, where the mark commenced which continued southwesterly twenty-seven feet before crossing the center line. Consequently, it was within the province of the jury to find that there was causal negligence on his part in the control of his car in view of his failure to so steer it and apply the brakes as to avoid a collision, although to do so the south half of the concrete was available, and ample time elapsed while he was driving the distance of two hundred forty-seven feet between where he was when he first saw the Cooper car start onto the concrete and the place where the impact occurred. Therefore the court erred in substituting its finding to the contrary for the jury's findings that there was causal

negligence in that respect. Although there was causal negligence on the part of Cooper in respect to lookout, yielding the right of way and making her left turn in the intersection, and Krembs was not negligent in respect to lookout, it was nevertheless his duty, in overtaking the Cooper car, which he had observed entering onto the concrete at the intersection, to exercise ordinary care in the control of his car by the steering and the application of the brakes thereof so as to avoid a collision. Whether by reason of negligence on his part in either or both of those respects, he failed to keep the car under proper control and thus contributed in causing the collision was a question for the jury (*Wappler v. Schenck,* 178 Wis. 632, 190 N. W. 555; *Rebholz v. Wettengel,* 211 Wis. 285, 248 N. W. 109; *Wallace v. Papke,* 201 Wis. 285, 290, 229 N. W. 58), and its findings that he was negligent in that respect must be reinstated. It follows that Krembs also is liable for the plaintiffs' damages unless, as the trial court concluded, the evidence warrants holding that Zilphia A. Webster assumed the risk of injury as the result of that negligence.

The defendant Cooper contends that there was no such assumption of risk, and that the evidence necessitates holding so, as a matter of law. That contention must be sustained. Krembs' acts and omissions, which constituted the negligence in question, were committed within but three or four seconds immediately preceding the impact. They were not a continuance or repetition of similar negligence on his part, because of which there was occasion or opportunity for Zilphia A. Webster to protest or leave the car to avoid injury; and the acts or omissions were of such nature that there was an actionable increase in the risk of injury to her. Consequently, there is applicable the statement that,—

"the plaintiff cannot be held to have assumed, as a matter of law, the danger or risk of injury by the defendant's negli-

gent acts. They were committed suddenly upon his approaching and passing the other automobile, and they followed in such rapid succession that there was no time or opportunity for her to protest or leave the car to avoid injury." *Forbes v. Forbes,* 226 Wis. 477, 480, 277 N. W. 112; *Lang v. Baumann,* 213 Wis. 258, 251 N. W. 461; *Groh v. W. O. Krahn, Inc.,* 223 Wis. 662, 271 N. W. 374.

The defendants Cooper and her insurer also contend that the court erred in assessing and awarding $405 as the damages sustained by Zilphia A. Webster by reason of her loss of earnings and impaired earning capacity after reaching her majority; and also erred in assessing and awarding $286 as the damages sustained by her father James C. Webster by reason of his loss of her services during her minority. It is contended (1) that those awards are erroneous because there was a lack of proof of any loss by the father of such services, and the evidence as to the daughter's loss of earnings is too remote and conjectural to warrant finding that she had suffered any such damages; and (2) that because of a stipulation submitting the question of plaintiffs' loss of earnings to the court, the compensation was to be assessed at $75 per month. The daughter was injured on September 24, 1936, and she will be twenty-one years of age in August, 1939. At the time of her injury she was a sophomore at the Stevens Point Teachers College. With proper scholastic credits she could have graduated in June, 1939, but by reason of her absence from college, due to her injury, her graduation will be delayed at least until February, 1940; *i. e.,* four and one-half months. In assessing damages as to her loss of earnings and impaired earning capacity, the court stated in its opinion that the June, 1939, graduates from her course would probably find employment commencing with the fall term that year, but that the delay in her graduation, because of her four and one-half months' absence, until February, 1940, would probably also delay her obtaining employment and

earning compensation as a teacher, at $90 per month, for the four and one-half months after February, 1940; and in its findings the court found that she was damaged in the sum of $405 "by reason of loss of earnings and impaired earning capacity after attaining her majority as a direct result of . . . injuries suffered by her in consequence of said collision." There was sufficient basis in the evidence to warrant holding that but for her injury the daughter probably would have been able to obtain employment four and one-half months earlier, and that her probable loss in compensation will be at the rate of $90 per month. The defendants' contention that the loss, if any, should be computed at $75 per month is based upon an ambiguous provision in the stipulation submitting that issue to the court. However, it is of no material importance to determine the dispute as to the intended meaning of the stipulation in that respect, in view of the facts that the court's award is for the daughter's loss by reason of her impaired earning capacity, as well as her loss for loss of earnings after attaining majority; and that the evidence warranted finding that by reason of permanent consequences of the injuries there probably will be an impaired earning capacity and resulting loss in the future. As that loss will probably exceed $67.50 (the difference between $75 and $90 per month for her loss of earnings for the four and one-half months), there is no prejudicial error in making the award in question.

There is no explanation in the court's decision in respect to the award of $286 to James C. Webster as damages by reason of the loss of his daughter's services. There is no evidence that she could have graduated before June, 1939, even if she had not been injured, or that if she had graduated then she could have secured a position to teach prior to becoming of age in August, 1939. Consequently, her father cannot be deemed to have sustained any loss of earnings by

her as a teacher during her minority, and no controversy as to the rate of compensation as a teacher is involved in passing upon the award for the father's loss of earnings. On the other hand, as the evidence is to the effect that she probably would continue attending college until graduation in June, 1939, and there is no evidence as to the rendering of any service for her father or the value thereof, there is no basis whatever for awarding any loss to her father on that account. The industrial commission's orders fixing the minimum wage for the services of domestics do not warrant finding that she would have rendered any such services but for her injury; that by reason thereof her father sustained a loss; or that the amount thereof would have been at the rate of the minimum wage fixed by the commission for domestic services.

It follows that the judgment must be modified, in so far as the damages recovered by James C. Webster include the award of $286, by reducing the amount of his recovery accordingly; and as modified that judgment must be affirmed, excepting that it must be reversed in so far as it adjudges the dismissal of the cross complaint for contribution filed by Agnes Cooper and the Connecticut Indemnity Company of New Haven against Gerhardt Krembs and the Travelers Indemnity Company; and that in lieu of that adjudication the judgment shall provide for the recovery of contribution by Agnes Cooper and the Connecticut Indemnity Company of New Haven from Gerhardt Krembs and the Travelers Indemnity Company, the amount whereof shall be one half of such amount as Agnes Cooper and the Connecticut Indemnity Company of New Haven, or either of them, pay to the plaintiffs in discharge of the judgment herein.

*By the Court.*—Judgment reversed in part, and modified and amended in part, and affirmed as modified and amended, as stated in the opinion; and cause remanded with directions

to enter judgment in accordance with the opinion. Costs will be taxed against the defendants Gerhardt Krembs and the Travelers Indemnity Company in favor of the defendants Agnes Cooper and the Connecticut Indemnity Company of New Haven.

A motion for a rehearing was denied, with $25 costs, on February 7, 1939.