WISCONSIN TELEPHONE COMPANY, Respondent, vs. RUSSELL and another, Appellants.

*January 11—February 9, 1943.*

248

For the appellants there was a brief by *Robert E. Curran,* attorney, and *John J. Fisher* of counsel, both of Superior, and oral argument by *Mr. Fisher.*

For the respondent there was a brief by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *A. T. Pray.*

BARLOW, J.    The cause of action was submitted to the jury on a special verdict consisting of six questions.   In answering these questions, the jury found: (1) That on June 8, 1937, the defendants did not know where the cable was located; (2) that the defendants were in possession of facts from which they should, by using reasonable care, have known about where the cable was located; (3) by a vote of ten to two, that the cable was not broken by the scow with anchors and the tug operated by the defendants on or about June 8, 1937. The answer to question No. 3 made it unnecessary for the jury to answer questions No. 4 and 5 relative to the negligence of the defendants in the operation of their equipment.   In answering question No. 6, the jury fixed the damage to the cable.   Judgment was ordered for the plaintiff notwithstanding the verdict.   Appellants contend, and respondent admits,

that it was error for the court to enter judgment on this motion.

This court held in *Maxon v. Gates,* 136 Wis. 270, 280, 116 N. W. 758; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800; *Hay v. Baraboo,* 127 Wis. 1, 105 N. W. 654, that a "motion for judgment notwithstanding the verdict admits for the purpose of the motion the existence of the facts found by the jury, and asserts that, taking the verdict at its face, the judgment should go the other way." The jury having found that the cable was not broken by the scow with anchors and the tug operated by the defendants, it was error to grant judgment for the plaintiff on the motion in question.

Motions after verdict were filed by both appellants and respondent. Appellants made a motion that the complaint be dismissed and the defendants have judgment for their taxable costs and disbursements. Respondent's motions can be listed in the following order: (1) Judgment in its favor notwithstanding the verdict; (2) if the first motion be denied, for an order changing the answer to question No. 1 from "No" to "Yes;" (3) if the first motion be denied for an order changing the answer to question No. 3 from "No" to "Yes;" (4) if the first motion be denied, and the second and third motions be granted, for an order answering question No. 4 "Yes;" (5) if the first motion be denied, and the second, third, and fourth motions be granted, for an order answering question No. 5 "Yes;" (6) if the first motion be denied, and the second, third, fourth, and fifth motions be granted, for judgment in its favor upon said verdict as so amended and upon the uncontradicted evidence; (7) if all of the foregoing motions be denied, for an order setting aside the verdict and for a new trial.

There is evidence in this case that the appellants dropped an anchor to the west of plaintiff's submarine cable, and that

there was a strong wind blowing at the time the anchor was dropped; that the scow was moved in an easterly direction and that the anchor dragged; that the scow passed over the submarine cable and an anchor was dropped east of the cable. This occurred on June 6, 1937, and on June 8, 1937, at about 7:30 a. m., the scow was moved and the anchors lifted. The submarine cable was found to be broken very shortly after the anchors were lifted on June 8, 1937. The evidence shows that breaking of the cable by the anchors would not have been noticeable in maneuvering the scow or lifting the anchors. There is no direct testimony on just how or when the submarine cable was broken. The evidence is entirely circumstantial.

In *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 115, 228 N. W. 741, this court said:

"The rule is well established that if the evidence is conflicting, or if the inferences to be drawn from the credible evidence are doubtful and uncertain, and there is any credible evidence which under any reasonable view will support or admit of an inference either for or against the claim or contention of any party, then the rule that the proper inference to be drawn therefrom is a question for the jury should be firmly adhered to, and the court should not assume to answer such question either upon a motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is returned. *Reul v. Wis. N. W. R. Co.* 166 Wis. 128, 163 N. W. 189; *Wiesman v. American Ins. Co.* 184 Wis. 523, 199 N. W. 55, 200 N. W. 304; *Henry v. La Grou*, 200 Wis. 110, 227 N. W. 246."

The learned trial judge filed a written opinion in ordering judgment for the plaintiff, in which he fully discusses the evidence in this case and finally observes: "We had a good jury, I believe, but they failed it seems to me, to understand just the situation and negligence connected with it." The jury, by a ten to two vote, found that appellants did not break the submarine cable in question. The learned trial judge concluded that the appellants did break the submarine cable.

Respondent's motion for a new trial was not passed upon by the trial court. In granting judgment *non obstante* verdict, there was no occasion for the court to pass upon this motion. The fact that it was error for the trial judge to order judgment for the respondent upon a particular motion on which it was granted should not preclude him from passing upon the motion to grant a new trial where this motion has never been determined by him. This court said, in *Klatte v. Franklin State Bank,* 211 Wis. 613, 627, 248 N. W. 158, 249 N. W. 72:

"If an alternative motion for a new trial be made in connection with a motion for judgment and the trial judge grants the motion for judgment without expressly deciding the motion for a new trial and the judgment shall be reversed, the cause may be remanded for determination by the trial judge of the motion for a new trial. See Court Rules, 207 Wis. p. iv."

Sec. 270.49, Stats., so far as it is material here, provides as follows:

"In case judgment be entered without deciding a pending motion for a new trial, the supreme court may direct the trial court to determine such motion within sixty days after notice of filing the *remittitur.*"

*By the Court.*—Judgment reversed, and the cause remanded with instructions that the trial court determine the motion of respondent for a new trial.