Schultz, Plaintiff, vs. Brogan and another, Defendants: Ætna Casualty & Surety Company, Respondent: Milwaukee Automobile Insurance Company, Appellant.

*October 13—November 18, 1947.*

For the appellant there was a brief by *D. J. Regan* of Milwaukee, attorney, and *O'Meara & O'Meara* of West Bend of counsel, and oral argument by *Mr. Regan.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Norman C. Skogstad* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

WICKHEM, J.  Appellant claims that in so far as it appears to furnish any basis for liability of appellant's insureds the special verdict should have been set aside because without support in the evidence.  More precisely the question is whether upon facts which the jury was entitled to believe, there is any showing that the negligence of appellant's insureds was a cause of injury to plaintiff.  If it was not there can be no contribution.

The accident happened on September 9, 1945, about 1:30 a. m., in Washington county. Defendant Wiedmeyer was driving east on Highway 33 on a concrete highway eighteen feet wide. At a point on the highway a short distance to the east of an intersection of Highway 33 with County Trunk Highway Z, sometimes called "Bastian's Corners," Wiedmeyer's car ran off the pavement and into the ditch on the north or left side of the road. The point at which it ran off the road was about four hundred sixty feet east of Bastian's Corners. Shortly thereafter defendant Marx, also driving east, saw the situation, stopped, attached a cable to the front of Wiedmeyer's car and pulled him back onto the right or south side of the highway. After this operation both cars came to a stop on the south or right-hand side of the road facing east, Wiedmeyer's car being, of course, behind the Marx car which had pulled it out. The evidence is in conflict as to how far the two parked cars encroached upon the roadway, but there is evidence that the Marx car was on the concrete to the extent of four feet which left less than fifteen feet of the roadway for other traffic.

Brogan was driving east on Highway 33. He first saw the Wiedmeyer car when he was at the intersection. He noticed that it was parked on the south side of the center line but at this time could not determine whether all of it was on the concrete or not. As he approached the Wiedmeyer car he applied his brakes to slow down with the intention of going by but claims to have noticed people standing in the north lane opposite the cars and he then applied his brakes with full force. The rear portion of his car thereupon slewed to the south and struck the left rear fender of the Wiedmeyer car. Plaintiffs were at a tavern at the intersection, saw the ditched car and walked eastward toward it. At the time the Wiedmeyer car was struck plaintiffs were behind the car and were struck by the Brogan car either just before or at about the same time that it hit the Wiedmeyer car. No question is raised upon this appeal as to Brogan's negligence.

The jury exonerated both Wiedmeyer and Marx from the charge of "parking, stopping, or leaving standing his automobile upon the highway when it was practical to park, stop, or leave such vehicle standing off the roadway of the highway." Each, however, was found guilty of parking his automobile on the highway without leaving a clear and unobstructed width of not less than fifteen feet upon the roadway of the highway opposite his car. The negligence of Wiedmeyer who owned the rear or towed car was found to be a cause of plaintiffs' injuries but that of Marx was found not to have had a causal relation to such injuries.

Appellant first contends that there is no evidence to support the jury's finding that the Wiedmeyer car was illegally parked. This can be disposed of without much discussion. We find testimony in the record to the effect that it did encroach upon the highway four feet and since the concrete roadway was eighteen feet in width, this left only fourteen feet of passage opposite the parked vehicle and this is one foot less than the clearance requirements of sec. 85.19 (1), Stats.

Appellant's principal contention is that the negligence of Wiedmeyer and Marx in parking so as to leave less than fifteen feet of roadway to the left of parked cars was not the cause of plaintiffs' injuries or what may amount to the same thing, that Brogan's negligence as to speed, lookout, management and control was an intervening cause of the injury. It is generally held, (1) that cause in the purely philosophic sense is not what the courts are searching for in negligence cases, Restatement, 2 Torts, sec. 431; (2) that defendant's negligence must have made a substantial contribution to the accident or injury, *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; (3) that if the contribution is substantial, it need not be the sole physical cause but may produce the injury in combination with negligent acts of others, *Butts v. Ward,* 227 Wis. 387, 279 N. W. 6; *Felix v. Soderberg,* 207 Wis. 76, 240 N. W. 836; (4) even if it is established that the negligence substantially contributed to the injury certain policy factors may prevent it

from constituting legal cause, *Osborne v. Montgomery, supra.*
In Restatement, 2 Torts, sec. 431, it is said:

"The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

Obviously the first inquiry in every case is whether defendant's acts had any substantial effect in producing the accident or injury. As pointed out in *Osborne v. Montgomery, supra,* this is ordinarily a question of fact if the evidence is conflicting or if different inferences can be drawn from it. If it is determined that defendant's negligence did not make a substantial contribution to the injury that closes the inquiry and no consideration of policy factors is called for. It is only when the substantial character of the contribution is established that a question can arise whether defendant is to be relieved from an ultimate finding of cause by some policy factor delimiting legal cause.

In the view that this court takes of this case we reach only the question whether defendant's negligence made any substantial contribution to plaintiffs' injuries. Attention should be called to the fact that we are not here concerned with the causal relation between the act of Marx and Wiedmeyer in parking on the highway and the injury because upon sufficient evidence a jury has found that that act was nonnegligent. The inquiry is whether the specific act of negligence found, namely, parking the cars in such a way as to leave less than fifteen feet of clearance, made any physical or other contribution to the accident. It should be noted at the outset that the col-

lision between the Wiedmeyer and Brogan cars had no independent materiality. Plaintiffs were not standing in front of the Wiedmeyer car in such a way that it was driven into them by the collision as was the case in *Felix v. Soderberg,* 207 Wis. 76, 240 N. W. 836. They were standing to the rear of the Wiedmeyer car and were struck by the Brogan car before or at the same time that the latter came into collision with the Wiedmeyer car. Brogan's car would have struck plaintiffs whether the Wiedmeyer car was there or not. Their injuries were not in any physical sense the result of a collision between the two cars. The presence of the Wiedmeyer car on the concrete highway in addition, perhaps, to the presence of people standing in the roadway to the north of it, caused Brogan to apply his brakes and to skid his car into plaintiffs. Keeping in mind that the question is whether one more foot of clearance in this case would have made any difference in the result, we are forced to the conclusion that it would not. So far as clearance is concerned there was plenty of room for Brogan to pass. He was not deceived or misled by the fact that the Wiedmeyer car was four feet on the highway instead of three feet. He would have slammed on his brakes at the same time and with the same result to plaintiffs had the Wiedmeyer car been one foot to the south. There is not even any evidence that he would have missed the Wiedmeyer car had it been one foot to the south, but if this were established it would make no difference here. It might have made a difference had plaintiffs been standing in front of the Wiedmeyer car and been struck down by the latter. We cannot see the slightest connection between defendant's default and the conduct of Brogan. The case is one in which there is no contribution to the accident by the specific negligence found by the jury.

The case strongly resembles one fact situation commented on in *Guderyon v. Wisconsin Telephone Co.* 240 Wis. 215, 2 N. W. (2d) 242. In that case the car with which plaintiff collided was not only parked in such a way as to leave insuf-

ficient clearance but was parked on the wrong side of the road. This court held that the parking on the left-hand side of the road made no contribution whatever to the happening of the accident, although the jury were permitted to conclude that the illegal parking of the car on the highway was a physical cause of the collision under the facts there presented. Assuming that the jury could conclude that the presence of the Wiedmeyer car on the concrete was a substantial factor in causing Brogan so to manipulate his car as to strike plaintiffs the finding would be immaterial because the mere parking was found by the jury not to be negligent. The negligent failure to leave an extra foot of clearance had no effect whatever on Brogan's maneuvers and would have had the same results had the Wiedmeyer car been three feet onto the concrete instead of four feet. This is quite a different case from *Felix v. Soderberg, supra, Butts v. Ward,* 227 Wis. 387, 279 N. W. 6, and other cases in this court following the *Soderberg Case* in which it has been held that negligence in parking a vehicle was a cause of the collision or injuries involved in those cases. In each of these cases the presence of the parked car on the highway was negligent and the particular negligence charged and found made a physical contribution to the accidents.

It is, of course, true in this case that the jury were not required to believe Brogan's testimony that there were people standing in the highway, and it can be contended with some force that having found him guilty of negligence they did not believe this testimony. However, rejecting the testimony of Brogan does not create evidence, and dropping his explanation of the accident from the case there is no evidence whatever that the extra foot of encroachment in any way affected the situation.

Having concluded that there is no relation between the negligence found and the injury to plaintiffs, there is no occasion to consider any policy factors including such as may be derived from a consideration of the purpose and intent of the statute.

This makes it unnecessary to discuss a great many of the cases cited, some of which may appear superficially to bear upon this case, but in all of which some item properly denominated a policy factor was the deciding element. The case most obviously falling in this class is *Kitter v. Lenard,* 235 Wis. 411, 291 N. W. 814, where under the facts of that case it was held that the negligence of the driver who collided with an illegally parked truck and thereafter struck plaintiff was an intervening cause which was not the consequence of any negligent act or omission for which the owner of the truck was responsible. Nor does this case require any support from *Swinkels v. Wisconsin Michigan Power Co.* 221 Wis. 280, 267 N. W. 1, and cases following the rule of that case. It has been suggested in respect to these cases that certain statements of the court on the subject of cause amount to an application of the last-clearchance doctrine which this court has always professed to repudiate. We make no comment further than to state that no such criticism can be leveled at the conclusions reached here. The negligence of defendant is not merely static. The presence of the cars on the highway is not held to be a condition by the application of a policy factor. We simply hold that the encroachment in this case had no effect whatever in producing the injury. It follows that the finding of the jury that Wiedmeyer's negligence was the cause of the collision must be set aside as unsupported by the evidence. Since the jury found to the contrary so far as Marx was concerned, there is no occasion to disturb that finding although it is true as pointed out in respondent's motion to review that Marx and Wiedmeyer were both guilty of causal negligence or neither was so guilty. However, our conclusions on the issue of cause make immaterial any further observations upon respondent's motion to review.

*By the Court.*—Judgments reversed, and cause remanded with directions to enter judgment dismissing the complaints as against Marx and Wiedmeyer and the complaint of respondent for contribution.