WEBER, by Guardian *ad litem,* Appellant, vs. WALTERS and others, Respondents.*

*November 10—December 7, 1954.*

* Motion for rehearing denied, with $25 costs, on February 8, 1955.

254

For the appellant there were briefs and oral argument by *Samuel Goldenberg* of Milwaukee.

For the respondents there were briefs by *Moore & Prentice* and *Raymond J. Moore,* all of Milwaukee, and oral argument by *Raymond J. Moore.*

GEHL, J.    The jury's finding that Fletcher was negligent with respect to the manner in which he controlled his truck

is not attacked. Plaintiff contends that the court should have found as a matter of law that such negligence was a proximate cause of the collision. That is the sole question presented upon this appeal.

"The rule of law is well established that if the evidence is conflicting, or if the inferences to be drawn from the credible evidence are doubtful and uncertain, and there is any credible evidence which under any reasonable view will support or admit of an inference either for or against the claim or contention of any party, then the rule that the proper inference to be drawn therefrom is for the jury should be firmly adhered to and the court should not assume to answer such question either upon a motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is returned. *Wisconsin Telephone Co. v. Russell* (1943), 242 Wis. 247, 252, 7 N. W. (2d) 825, and cases there cited." *Czerniakowski v. National Ice & Coal Co.* 252 Wis. 112, 115, 31 N. W. (2d) 156.

The fact that the testimony is uncontradicted does not of itself require that the court determine as a matter of law that an act found to have been negligently performed is a substantial factor in bringing about harm to another. Facts reasonably inferable from the evidence may be considered.

"Where undisputed facts permit of different inferences a question of fact and not of law is presented." *Eckhardt v. Industrial Comm.* 242 Wis. 325, 329, 7 N. W. (2d) 841.

There is practically no dispute in the testimony as to Fletcher's conduct. The jury no doubt considered that his failure to apply his brakes earlier or more effectively, or his omission to steer his car so as to avoid a collision constituted negligence as to control.

"Whether by reason of negligence on his part in either or both of those respects, he failed to keep the [truck] under proper control and thus contributed in causing the collision

was a question for the jury." *Webster v. Krembs,* 230 Wis. 252, 258, 282 N. W. 564.

"What is proximate cause is ordinarily a question for the jury if the evidence is conflicting or if different inferences can be drawn from it. *Schultz v. Brogan,* 251 Wis. 390, 29 N. W. (2d) 719, and 'if the evidence is conflicting or, although not contradictory, is open to two or more reasonable inferences as to what actually took place, the case must be left to the jury.' Sec. 434, comment *c,* Restatement, 2 Torts, p. 1172, quoted with approval in *Pfeifer v. Standard Gateway Theater, Inc.,* 262 Wis. 229, 233, 55 N. W. (2d) 29." *Roeske v. Schmitt,* 266 Wis. 557, 568, 64 N. W. (2d) 394.

We are of the opinion that the court properly held that the question of the causal relationship between the negligence found and the collision was for the jury.

*By the Court.*—Judgment affirmed.

Steinle, J., took no part.

Currie, J. (*dissenting*). I must respectfully dissent. The jury found Fletcher negligent as to management and control, but that such negligence was not causal. I consider such negligence necessarily must be held to have been a substantial factor in causing the accident as a matter of law, and therefore constituted a proximate cause thereof.

Negligence in the management and control of a motor vehicle on the part of the operator thereof does not arise until such operator has by his lookout perceived something of potential danger that requires him to take some affirmative action on his part to avoid such danger. *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 306, 26 N. W. (2d) 653. If the threat of potential danger is the invading of his intended path of travel by another vehicle, as in the instant case, and he fails to see anything which indicates this is about to happen until it is too late for him to apply his brakes or swerve his vehicle to be effective in avoiding a collision, he

cannot be held guilty of negligence as to management and control even though he thereafter does nothing. This is true regardless of whether or not he may have been negligent as to lookout.

In the case at bar Fletcher's own testimony was that he did not see the Walters car enter the intersection until he was so close that he then could do nothing by way of application of brakes or swerving his truck which would have been effective to have avoided the accident. On the other hand, the distance that the Walters car traveled after Fletcher first saw it together with the slow speed at which it was traveling gave rise to the reasonable inference that Fletcher must have been considerably farther south of the intersection at the time when he saw the Walters car start to enter it than he had stated in his testimony, and, therefore, that he did have sufficient time to have applied his brakes or swerved his truck and avoided the accident. Thus a jury issue was presented as to whether Fletcher was negligent with respect to management and control.

However, when the jury found that he was negligent in this respect the jury necessarily must have determined that Fletcher did have sufficient time to have effectively applied his brakes or swerved his truck to have avoided the resulting collision after he first saw the Walters automobile entering the intersection. It, therefore, follows as a matter of law that such negligence must have been a substantial factor in causing the accident because it would not have happened but for Fletcher's failure to take such effective action to avoid it. Restatement, 2 Torts, p. 1159, sec. 431, states:

> "The actor's negligent conduct is a legal cause of harm to another if
> "(a) his conduct is a substantial factor in bringing about the harm, and

"(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

Therefore, the learned trial court on motions after verdict should have changed the jury's answer from "No" to "Yes" in the causation question which was coupled with the question relating to Fletcher's negligence as to management and control; and, upon the verdict as so changed, judgment should have been rendered against Fletcher and his insurance carrier as well as against the defendant Walters and her insurance carrier.