Byron E. MARTIN, Plaintiff-Appellant,

v.

UNITED MOVING AND STORAGE COMPANY and Lawrence Price, Defendants-Appellees.

No. 12402.

United States Court of Appeals Seventh Circuit.

Jan. 13, 1959.

Rehearing Denied Feb. 12, 1959.

---

John Cadwalader Menk, Chicago, Ill., for appellant.

Gilmore S. Haynie, David B. Keller, Fort Wayne, Ind., for appellees.

Before DUFFY, Chief Judge, and FINNEGAN [1] and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Appellant, Byron E. Martin, plaintiff below, brought this diversity action to recover damages for injuries suffered by him as a result of a collision between his automobile and two other vehicles, a passenger car driven by Alice L. Klinefelter and a truck driven by Lawrence Price and owned by the United Moving and Storage Company. The complaint alleged that the accident was due to the negligence of the defendant drivers, Price and Klinefelter. During the course of the trial, appellant and Klinefelter entered into a settlement and executed a covenant not to sue,[2] and the suit was continued against the other defendants, the truck driver and the trucking company, who are the appellees herein. The errors relied on in this appeal are based on the trial court's granting of appellees' motion for a directed verdict

[1.] Judge FINNEGAN heard oral argument and participated in the decision of this case voting for affirmance, but died before formally approving the following opinion.

[2.] Defendant Klinefelter dismissed a counterclaim she had brought against the plaintiff but remained in the case to prosecute a cross-claim she had filed against her former co-defendants.

made at the close of appellant's case[3] and its denial of appellant's motion for a new trial.

This accident occurred on a four-lane highway one-half mile east of the city limits of Columbia City, Indiana, shortly after noon on February 17, 1956. There had been snow on the road and the outside traffic lanes had been salted and were comparatively clear. The inside or passing lanes were covered with slush. It was a hazy day but vision was not appreciably obscured. Appellant was driving west and following two trucks. He testified that he started to pass but pulled back when he observed the second truck, belonging to the appellee trucking company, also pull out as if to pass the lead truck. However, the truck pulled back and appellant then started to pass again and was in the passing lane abreast of the lead truck when he saw what he described as a car "crossing over" from the east bound lanes about a "block and a half" in front of him. He then slowed down and attempted to "get in" between the two trucks he was passing but was unable to do so. He stated: "[A]s I turned my head a car hit me and then something from behind." He testified that he saw the car which collided with his only the one time when he observed it "crossing over" from the east bound traffic lanes.

The driver of the lead truck testified by deposition that he saw the Klinefelter car skid out of the east bound traffic lanes over across the west bound lanes, then back toward its own side of the four-lane highway and finally toward the opposite side a second time. He did not witness the collision but did see (through his rear view mirror) appellant's car make what appeared to him to be a futile attempt to get over and in between the trucks.

Appellee Price, the driver of the second truck, testified that he was some thirty feet behind the lead truck when the accident occurred. He testified further that he did not see the Klinefelter car until it had actually collided with the left front of appellant's car. He first put on his brakes when he was ten feet behind appellant's car and his truck hit the right rear of appellant's car twice, once with the front bumper and then with the left tractor wheel as his unit jackknifed. He testified that he was going about ten miles an hour when he hit appellant's car for the first time and that he turned to the right as far as he could (at least two feet) in his attempt to miss appellant but that he never left the road. There was a wide berm to the right of the highway where the accident occurred.

In determining whether defendant-appellees' motion for a directed verdict has been properly allowed, this court must consider the evidence presented, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff-appellant. If that evidence is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, then the motion should have been denied by the trial court and the case submitted to the jury. Burg v. Great Atlantic & Pacific Tea Co., 7 Cir., 1958, 256 F.2d 613; Nelson v. Business Men's Assurance Co. of America, 7 Cir., 1939, 108 F.2d 363, 365.

At the time of this accident the State of Indiana had (and presently has) in effect a statute requiring drivers of motor trucks traveling on roadways outside of residential and business districts to maintain a distance of more than 150 feet when following any other motor truck. Burns' Ind.Ann.Stat. § 47–2019 (b) (1952 Repl.).[4] The statute contains

---

3. The trial court reserved its ruling on the motion until after Klinefelter had presented her evidence in support of her cross-claim and thereupon directed a verdict against both the appellant and the cross-claimant. There is no appeal here by the cross-claimant.

4. Appellees contend that this statute is not applicable to four-lane highways. However, the Appellate Court of Indiana discounted a similar contention in Lee Brothers, Inc. v. Jones, 1944, 114 Ind. App. 688, 712, 54 N.E.2d 108, 118. With nothing to indicate the contrary, we must

a proviso, however, to the effect that its provisions, "shall not be construed to prevent overtaking and passing * * " by such motor trucks.

Appellee Price was admittedly driving within 150 feet of the lead truck just prior to this accident, and he had, in fact, been following the same truck for some ten miles at varying distances. He was some thirty feet behind that truck when the events which culminated rapidly into the three vehicle collision began to occur. However, appellant Martin's own testimony points up indisputably that shortly before he began to pass the trucks the truck driver, Price, moved his truck out as if to pass and then pulled back to his proper lane.

■ Having this testimony in mind we do not see how it could reasonably be found that appellee was not legally assuming his position within 150 feet behind the lead truck. The statute by express provision does not prohibit passing. As Martin began to pass the trucks he was fully aware that appellees' truck was close behind the lead truck and, by his testimony, he indicated that he saw Price's truck make its attempt to pass. He then saw the skidding car cross over in front of him; he slowed down, and vainly attempted to get over to the lane on his right. Within seconds, the collision occurred.

Appellant also makes much of the fact that appellee Price steadfastly maintained before and during the trial that he did not see the skidding Klinefelter car until it had actually collided with appellant's car. It is contended that this is evidence from which it can be inferred that the truck driver failed to maintain a proper lookout.[5] Interestingly enough, Martin testified that he, himself, only saw the car crossing the highway at a distance, then lost sight of it and did not see it again until after it had collided with him.[6]

■■ Assuming, however, that Price was negligent in failing to observe the skidding car, we hold that, under the circumstances of this case, such negligence could not reasonably be found to be a proximate cause of this accident. From the time appellant attempted to pass the two trucks to the moment of the three car collision only a few seconds elapsed. Martin saw the car at a distance of a "block and a half" but testified that he "had no time for anything" because of the position of appellees' truck. If appellee driver had been aware of the emergency situation which was developing before him without any fault on his part, he would have been called upon to act instantaneously. He could have applied his brakes sharply or swerved directly to the right. Whether he would have had time to so react or whether such action on his part would have served to avoid this accident are matters of guess and speculation, cf., Lake v. Chicago-

assume the statute applicable to the facts in this case.

5. Price's precise testimony was as follows:

"Q. How far away was Mrs. Klinefelter's car when you first saw it? Do you recall when you first saw it? A. About 5 feet.

"Q. In other words about as far as from you to me? A. Yes, that's right.

"Q. Where was her car when you first saw it 5 feet away from you? A. It was head-on with Mr. Byron Martin's car.

"Q. Were those two cars together at the time you first saw them? A. They were head-on.

"Q. Didn't you see Mrs. Klinefelter's car before the collision? A. No, I did not.

"Q. Were you looking ahead, sir? A. Yes, sir. I was looking ahead.

"Q. Did you see Mrs. Klinefelter's car skid? A. No, I did not."

When pressed further Price stated: "I don't glance off at the sides. I keep my eye on the highway."

6. The following testimony by Martin was elicited on cross-examination:

"X. You were watching the road ahead and the car cut across the highway. Did you lose sight of that car? A. Yes, I did.

"X. Do you know where that car went? A. No, I do not.

"X. Then did you see it again? A. No, I don't recall seeing it again."

Indiana Freight Lines, Inc., 7 Cir., 1958, 256 F.2d 625;[7] and, under these circumstances, we hold that the district court properly took these questions from the jury. It is true that the question of proximate cause, like that of negligence, is ordinarily one of fact for the jury, Swanson v. Slagal, 1937, 212 Ind. 394, 8 N.E.2d 993; but, where the facts are such that reasonable men may draw but one inference, then the question may become one of law for the court. Jones v. Cary, 1941, 219 Ind. 268, 284, 37 N.E.2d 944, 951; Kempf v. Himsel, 1951, 121 Ind.App. 488, 497, 98 N.E.2d 200, 204. The evidence in the instant case would not reasonably support a finding that any negligence on the part of appellees caused the collisions resulting in injuries to appellant. Under the evidence it would, indeed, be wholly conjectural and speculative whether the injuries of appellant proximately resulted from any fault on the part of appellees. See Curtin v. Hathaway Baking Co., 1938, 301 Mass. 613, 29 N.E.2d 188.

■ Appellant's contention that whatever emergency situation confronted appellee truck driver was created by his own negligence is not well taken. In the final analysis the sole proximate cause of this accident and the resulting injuries to appellant was the skidding of the Klinefelter car across a slush covered four-lane highway directly into the path of the oncoming car of appellant. Nothing that appellee Price did or failed to do at that time can be said to have proximately contributed thereto. We hold that, as a matter of law, appellees were not guilty of actionable negligence and that the trial court did not err in granting the motion for a directed verdict and in refusing appellant's motion for a new trial. The judgment is

Affirmed.

7. The Lake case, supra involved a situation in which a truck driver, being aware of a collision which had occurred some 300 to 500 feet before him, had only a few seconds in which to react to the emergency situation so presented and act to avoid a second collision with the skidding car of the plaintiff in that case. We held that the trial court properly granted a motion for judgment notwithstanding the verdict after the jury had returned a verdict for the plaintiff and against the truck driver.