**Marie JOHNSON, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant and Appellee,**

and

**Northwestern National Casualty Company, Defendant and Appellant.**

No. 12596.

United States Court of Appeals Seventh Circuit.

June 25, 1959.

Rehearing Denied Aug. 13, 1959.

Arthur Wickham, Milwaukee, Wis. (Norman C. Skogstad, Milwaukee, Wis., on the brief), for Northwestern Nat. Cas. Co., defendant and appellant.

Arthur B. Sullivan, Eau Claire, Wis., Harold E. Stafford, Chippewa Falls, Wis., for appellee.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Marie Johnson, brought action to recover damages for personal injuries suffered by her, while a passenger on a bus (insured by appellee, Continental Casualty Company, hereinafter called "Continental") which was involved in an accident with an automobile driven by the insured of appellant, Northwestern National Casualty Company (hereinafter referred to as "Northwestern").

The jury found the operator of the bus negligent with respect to lookout, but not in management and control or in yielding the right of way, but further found such negligence as to lookout not to be a cause of the accident. The jury found the driver of the automobile guilty of causal negligence with respect to lookout, management and control of his vehicle.

Judgment in the amount of $21,000 was entered against Northwestern. The complaint was dismissed as to Continental. Crossclaims of the defendant insurance companies were both dismissed on the merits.

Northwestern assigns as error the Trial Court's failure to grant motion to

amend the jury's verdict and the judgment to state that the negligence of the bus driver was a cause of the accident and to provide that Northwestern would recover contribution from Continental of one-half the sum paid in satisfaction of the judgment.

The question before us is whether, in the circumstances presented, the jury could conclude, as it did, that the bus driver's negligence as to lookout was not a substantial factor in causing the accident.

Appellant asks this Court to hold as a matter of law that negligence in lookout on the part of the bus driver, as found by the jury, was causal in nature, contrary to the finding of the jury.

The accident occurred on a very busy business street shortly before 5:30 P.M., December 6, 1956, during the Christmas shopping season. The street was dry and well lighted. The testimony indicated that the bus, driven by Ellis Haug, proceeding north on South Barstow Street, in Eau Claire, Wisconsin, stopped at the traffic light signal on the south side of the intersection with Eau Claire Street. When the traffic signal changed, the bus crossed the intersection and came to a stop on the north side of the intersection, within the bus loading zone, about six inches from the east curb. Miss Johnson and one other passenger boarded the bus. Miss Johnson went to put her packages on a seat. The other passenger paid her fare and sat down. Haug closed the door, looked to the rear, and put the bus in motion by taking his foot off the brake. Haug testified that he then saw the automobile driven by Arthur Anderson, Northwestern's insured, for the first time; that it was cutting in front of him, very slowly, barely moving; that the left front bumper of the bus came into contact and engaged the right rear bumper of the Anderson automobile. Haug immediately applied his brakes. The bus had moved a maximum of three feet north and about six inches west, but it never left the bus loading zone. The truck loading zone, immediately north of the bus loading zone, displayed a sign reading: "Truck loading zone, 8 A.M. to 4 P.M. No parking from 4 P.M. to 6 P.M."

Witnesses testified that Miss Johnson, having deposited her packages, was walking forward down the aisle toward the driver to pay her fare. She fell at the time of the collision, when the bus suddenly stopped, and received the injuries of which she complains.

Arthur Anderson, driver of the automobile, testified that he had been driving north on South Barstow Street, behind the bus, intending to stop in the truck loading zone immediately north of the bus zone and on the same side of the street, to pick up his wife; that when the bus stopped, he decreased speed to not more than five miles per hour; that before turning toward the curb, he looked at the parked bus, which was not then moving; that he felt no impact, but was aware that he had been struck.

Northwestern argues that the Anderson automobile was in plain sight and moving, and that the bus driver's negligence as to lookout must have been causal because he was obliged to see the moving automobile and to yield it the right of way. Northwestern cites a number of cases supporting its theory that failure to see what is in plain sight is a causal factor in producing collision.

Arthur Anderson had testified that he was following the bus and was in plain sight. However, Neoma Weiss, a passenger on the bus, who had an unimpeded view through the windows on the left side of the bus, testified that she could have seen traffic or other vehicles moving past the bus, but that she did not see the Anderson automobile until it was pulling right in front of the bus. There was thus a conflict of testimony as to whether the Anderson automobile was in fact in plain sight. Although Anderson testified that he was following the bus, the evidence showed that the bus had time to make a stop, pick up two passengers and start out again before Anderson cut in front of it. When asked

whether he had also stopped at the traffic signal, Anderson testified that he would have been immediately behind the bus and must have stopped, but that he had no recollection. This presented another issue of fact.

Continental states that the jury may have considered the bus driver negligent as to lookout within rather than outside of the bus. Northwestern contends that in such case the driver's negligence was surely causal because if he had kept his foot on the brake until plaintiff was eventually seated, she would not have been injured. Plaintiff, however, did not fall when the bus began to move, but when it suddenly stopped.

The evidence was in conflict and different inferences could be drawn therefrom. Whether there was a close, direct and causal connection between the bus driver's negligence as to lookout and the injury to plaintiff was a question of fact to be determined by the jury in the light of all the circumstances of this particular case. Schultz v. Brogan, 1947, 251 Wis. 390, 29 N.W.2d 719; Powers v. Joint School District, 1958, 2 Wis.2d 556, 87 N.W.2d 275; Weber v. Walters, 1954, 268 Wis. 251, 67 N.W.2d 395; Behringer v. State Farm Mutual Automobile Ins. Co., 1959, 6 Wis.2d 595, 95 N.W.2d 249.

■■ We cannot say that the facts are such as to support only one reasonable conclusion. The District Court properly held that the question of causal relationship between the negligence found and the injury was for the jury. Martin v. United Moving & Storage Co., 7 Cir., 1959, 262 F.2d 596, rehearing denied. There was credible evidence which could reasonably support the jury's finding that the bus driver's negligence as to lookout was not causal. Burg v. Great Atlantic & Pacific Tea Co., 7 Cir., 1958, 256 F.2d 613.

Affirmed.

PARKINSON, Circuit Judge.

I concur in the result reached in Judge KNOCH'S opinion, but not with all that is contained therein.