RUDOLPH, Appellant, vs. KETTER and another, Respondents.
YAEGER, Appellant, vs. SAME, Respondents.

*December 5, 1939—January 16, 1940.*

330

For the appellants there was a brief by *T. L. Doyle* and *Allan L. Edgarton,* both of Fond du Lac, and oral argument by *Mr. Edgarton.*

*L. J. Fellenz* of Fond du Lac, for the respondents.

MARTIN, J.   The accident out of which these actions arise occurred on November 4, 1937, at about 10 p. m.   The plaintiffs were guests in defendant Ketter's 1931 Model-A Ford four-door sedan accompanying said defendant at his invitation on a trip from Campbellsport to the city of Fond du Lac.   The plaintiffs and Ketter resided in the village of Campbellsport.   On the evening in question, the parties met in the hotel and tavern owned and operated by Mrs. Yaeger's father in the village of Campbellsport.   During the evening, and before leaving on the trip to Fond du Lac, Mrs. Yeager and defendant Ketter had played two games of rummy, and were so engaged when the plaintiff, Mrs. Rudolph, called at said hotel and tavern at about 9:30.   Thereafter the three parties shook a game of dice.   It appears that during the evening Ketter had one bottle of beer and a one-ounce glass of peppermint cordial.   Mrs. Rudolph and Mrs. Yeager each had one bottle of beer.   There is no evidence that Ketter was intoxicated, and the jury found upon that issue that at and prior to the accident, Ketter was not operating his automobile while under the influence of intoxicating liquor.

The three parties occupied the front seat of the Ford sedan, Ketter driving, Mrs. Rudolph sitting in the center, and Mrs. Yaeger to her right.   On leaving Campbellsport, Ketter drove north toward the city of Fond du Lac on County Trunk V, a graveled highway wide enough for three cars to pass.   It appears that he drove at a speed between thirty-five and forty miles per hour until he reached a hill immediately south of a railroad crossing, a distance of approximately one and three-quarter miles north of Campbellsport.   In traveling down this hill the car picked up speed.   At the foot of the hill, and in crossing the railroad track, the main line of traffic is somewhat to the left of the center of the highway.   After crossing the railroad track Ketter continued to drive to his left of the center of the highway for a distance of approximately one thousand feet, at which point he suddenly

turned to the right and immediately went into the ditch along the east side of the highway. The car continued in this ditch for a distance of about one hundred twenty-five feet when it came into contact with a culvert, by reason of which collision, plaintiffs sustained their injuries.

Ketter did not testify at the trial of these actions. No explanation is offered as to why Ketter suddenly changed his position on the highway. The only apparent explanation is that at the time he made this sudden turn, the parties observed the headlights of a car approaching from the north, estimated to have been nearly a half mile away, that is, north of the Ketter car, when the turn was made.

There is no evidence of any negligence on the part of Ketter as to his management and control of the car or as to speed or lookout from the time he left Campbellsport until he had crossed the railroad track and made this sudden turn which caused his car to go into the ditch. There is no evidence that Ketter was an inexperienced driver. The car traveled a total distance of between one thousand one hundred fifty and one thousand two hundred feet from the time it crossed the railroad track until it came into collision with the culvert. Assuming that the car traveled at approximately the same speed after it had crossed the railroad track, and there is no evidence of a greater speed, the collision occurred in approximately twenty seconds from the time the car left the railroad track.

We are in full accord with the trial court's view, as stated in its supplemental decision, that there is no assumption of risk on the part of the plaintiffs in these actions. There is no evidence to sustain the jury's findings as to assumption of risk and its answers in that regard must be set aside. The trial court treated these questions and answers as surplusage.

"A rule which compels a guest to accept the driver-host with such skill as he possesses and with such infirmity of judgment as he has, seems eminently fair. The established

rule as to assumption of risk by a guest should not be extended to situations where a host is inattentive and careless in making observations, to situations where his faulty judgment is based upon faulty premises proceeding from careless observation, or to hasty judgments resulting from careless observation." *Harter v. Dickman,* 209 Wis. 283, 288, 245 N. W. 157.

This rule is separate and distinct from the doctrines applicable to emergencies and from the rules relating to the acquiescence of a guest in the conduct of a host which he impliedly accepts by not protesting. *Harter v. Dickman, supra.*

On the issue of contributory negligence, we fail to find any evidence to sustain the jury's findings. In *Webster v. Krembs,* 230 Wis. 252, 259, 282 N. W. 564, the court said:

"They [defendant's negligent acts] were committed suddenly upon his approaching and passing the other automobile, and they followed in such rapid succession that there was no time or opportunity for her [plaintiff] to protest or leave the car to avoid injury." (Citing cases.)

While this is said with reference to assumption of risk, it is likewise applicable on the issue of contributory negligence. Nothing in Ketter's course of driving as to speed, control and management had occurred up to within twenty seconds before the collision to call for any protest by the plaintiffs.

In *Goehmann v. National Biscuit Co.* 204 Wis. 427, 430, 235 N. W. 792, the court said:

"The momentary management of the car should be left to the driver. He understands his car and appreciates the control which he has over it, and what he can do with it, better than does the passenger. Continual suggestions are but confusing and irritating, and we think it better that it be definitely understood that neither duty devolves upon, nor prerogatives belong to, the occupants of a car to participate in its immediate management and control. They have a duty

to maintain a lookout, a duty to warn, and a duty to protest against excessive speed and reckless driving. These, however, are all apart from the immediate management of the car, and especially in emergencies."

The respondents argue that the car left the road because the crowded condition in the front seat prohibited Ketter from handling his car in a proper manner. As heretofore stated, defendant Ketter did not testify at the trial of these actions. There is no evidence of a crowded condition in the front seat of the car which in any way interfered with his management and control. Apparently Ketter made a careless observation as to the nearness of the car approaching from the north which resulted in a hasty judgment and the quick turn of his car to the right side of the highway. It was his momentary management and control which precipitated the car into the ditch resulting in the accident in question.

The jury found Ketter negligent in the three respects indicated which increased the danger assumed by the plaintiffs upon entering his car. The jury found causation as to each respect in which they found negligence. We are of the view that the plaintiffs' motions to change the jury's answers to the questions relating to assumption of risk and contributory negligence should have been granted and each plaintiff be given judgment for the full amount of damages as assessed in each action by the jury.

*By the Court.*—Judgments reversed; record remanded with directions to enter judgment in favor of the plaintiff Mrs. Rudolph against the defendant Leo Ketter and his insurance carrier in the sum of $500, and to render judgment in favor of the plaintiff Mrs. Yaeger against the defendant Leo Ketter and his insurance carrier in the sum of $300.