Holtz, Appellant, vs. Fogarty and another, Respondents.

*September 15—October 11, 1955.*

For the appellant there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon* and *Fred D. Hartley*.

For the respondents there was a brief and oral argument by *Vilas H. Whaley* of Racine.

GEHL, J.    Harold Holtz, William Fogarty, and one McGivern left Kenosha in the early morning of March 21, 1954, for a tavern about eight miles south of Kenosha.  When they left the tavern for their return to Kenosha plaintiff took the wheel and drove the car until he was stopped by an Illinois police officer.  From that point and until the time of the collision Fogarty drove the automobile.  During the trial Fogarty was asked by his counsel what happened when the car was stopped by the Illinois police officer.  Plaintiff's counsel, ap-

parently assuming that Fogarty was expected to recite the substance of a conversation had with the officer, objected to the question on the ground that it called for hearsay testimony. Fogarty then testified that Holtz was present when the conversation was had, that he was conscious and within the hearing of Fogarty and the police officer. The court then permitted him to answer. He answered that the officer had said that Holtz "was off the road,—on the shoulder of the road."

The trial judge concluded later that he had erred in admitting the testimony, and for the purpose of correcting the assumed error instructed the jury as follows:

"During the trial testimony was received concerning a conversation between William Fogarty and a police officer in Illinois. This testimony was received by the court on the theory that Holtz was present at the time this conversation was had. However, it appears from the record that he was then suffering from amnesia or subsequently suffered from amnesia and for that reason it appears to the court that the situation would be exactly the same as though he was not present and for that reason the jury is instructed that the conversation is stricken and the jury is instructed to disregard the testimony relative to the conversation between Fogarty and the police officer in Illinois."

The defendants contend that the court erred to their prejudice in so instructing the jury.

The case rests almost exclusively upon the testimony of Fogarty, the substance of which is as follows: When he was about 900 feet south of the intersection at which the collision occurred a traffic light there present was red, he was traveling at the rate of between 30 and 35 miles per hour. There was little traffic upon the highway. He saw a truck ahead of him held up by the red light. As he got closer to the truck and the light had changed to green, Holtz yelled, "the truck isn't moving." He applied his brakes and decreased his speed.

The truck was in motion when he applied his brakes, although he appears to have thought that it had started forward earlier than it actually did. He tried to pull around the corner of the truck but failed and struck its rear.

Errors committed in the course of a trial will not operate to disturb a judgment on appeal unless it appears pretty clearly that had they not occurred, the result might probably have been more favorable to the party complaining. *Union Bank v. Commercial Securities Co.* 163 Wis. 470, 157 N. W. 510; *Widness v. Central States Fire Ins. Co.* 259 Wis. 159, 47 N. W. (2d) 879. The testimony cited and practically without dispute is overwhelming in plaintiff's favor and clearly preponderates to support each of the findings of the jury. It does not appear from the record before us that had the instruction not been given a different result would or could have followed. Consequently, if we were required to hold that the instruction was erroneous we could not hold it would have been prejudicial to the rights of the defendants. It is to be remembered that the conversation to which the police officer referred was had in Illinois, some time before the collision occurred and concerned the conduct of Holtz, who was not the driver at the time of the collision.

The facts in this case are essentially the same as those which appeared in *Webster v. Krembs,* 230 Wis. 252, 282 N. W. 564, although that was what is ordinarily designated as an intersection case. The Cooper car which had approached an intersection from the south, had turned in the intersection and was proceeding westward on the north half of the east-west road when struck in the rear by the Krembs' car, in which the plaintiff was a passenger and which had entered the intersection from the east, also westward bound. Although Krembs could have seen the Cooper car when he was 200 feet east of the intersection, he did nothing to avoid a collision except apply his brakes when it was too late to

make his act effective. We held as a matter of law that there was no assumption of risk by plaintiff guest, and said (p. 258):

"Krembs' acts and omissions, which constituted the negligence in question, were committed within but three or four seconds immediately preceding the impact. They were not a continuance or repetition of similar negligence on his part, because of which there was occasion or opportunity for Zilphia A. Webster to protest or leave the car to avoid injury; and the acts or omissions were of such nature that there was an actionable increase in the risk of injury to her."

The same must be said here. For a guest to assume the risk incident to his host's negligent manner of driving there must be present, among other things, knowledge and appreciation on the part of the guest of the hazard created by the host. *Egan v. Wege,* 260 Wis. 118, 50 N. W. (2d) 457. It cannot be said that Holtz knew or appreciated that Fogarty assumed that the preceding truck was moving forward instead of standing still and blocking Fogarty's path. There was nothing in Fogarty's previous conduct which would suggest to Holtz that Fogarty might be so inattentive as to fail to see the truck and to observe its operation. *Rudolph v. Ketter,* 233 Wis. 329, 289 N. W. 674. The court did not err in refusing to submit the issue of assumption of risk.

Counsel for defendants states correctly that the granting of a new trial for error or in the interest of justice rests largely in the discretion of the trial court. The rule does not apply, however, where it is clear that the court proceeded upon an erroneous view of law. *Weissgerber v. Industrial Comm.* 242 Wis. 181, 7 N. W. (2d) 415; *Graff v. Hartford Accident & Indemnity Co.* 258 Wis. 22, 44 N. W. (2d) 565; *Myhre v. Hessey,* 242 Wis. 638, 9 N. W. (2d) 106.

It is quite apparent that the court's order was prompted by its erroneous conclusion that the issue of assumption of

risk was in the case and that the claimed erroneous instruction could have influenced the jury in its findings. For the reasons stated, we think it is clear that the court's order was granted upon an erroneous view of the law, and that, therefore, it must be reversed.

*By the Court.*—Order reversed. Cause remanded with directions to reinstate the verdict and to enter judgment thereon in favor of the plaintiff and against the defendants.