KLETSCH, Respondent, v. WAUKESHA COUNTY, Appellant.

*No. 260. Submitted under sec. (Rule) 251.54 November 28, 1973.—
Decided January 4, 1974.*
(Also reported in 213 N. W. 2d 367.)

For the appellant the cause was submitted on the brief of *Richard S. Hippenmeyer,* special counsel, of Waukesha.

For the respondent the cause was submitted on the brief of *Kraemer, Binzak & Sylvan, S. C.,* attorneys, and *Joseph J. Esser* of counsel, all of Menomonee Falls.

HALLOWS, C. J. The new trial was granted on the ground as stated by the trial court:

"Upon the entire record, it is the opinion of the Court that the verdict of the jury was prejudiced by barring the testimony of Mr. Gutschenritter. A new trial will be granted in this matter upon the record."

The trial court also stated:

"There is a question in the Court's mind whether the jury was prejudiced against Waukesha County by barring Mr. Gutschenritter's testimony or whether or not the plaintiff was prejudiced by barring that testimony under the circumstances."

Before a new trial can be granted on the ground of errors in the trial, the court granting the new trial must find that the errors prejudiced the party seeking the new trial. Sec. 274.37, Stats.[1] While granting a new trial

---

[1] Sec. 274.37, Stats., reads in part as follows:
"No . . . new trial [shall be] granted in any action or proceeding, . . . on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking . . . to secure the new trial."

is discretionary with the trial court, if a new trial is granted where no prejudice to the moving party appears from the record, an error of law is committed by the trial court, and this court will reverse. *Holtz v. Fogarty* (1955), 270 Wis. 647, 72 N. W. 2d 411.

This case is unusual in that Waukesha county is not complaining about the exclusion of the expert testimony and the plaintiff, who objected to its admission, is only complaining about how the court excluded it and informed the jury. A pretrial order was entered for the exchange of appraisals. This was not complied with by Waukesha county in respect to Mr. Gutschenritter. If the pretrial procedure is to be effective, it must be observed. We find no error in the manner in which the trial court handled the disqualification of this witness.

Sua sponte we have examined the record to determine whether a new trial should be ordered in the interest of justice under sec. 251.09, Stats. *See Tuschel v. Haasch* (1970), 46 Wis. 2d 130, 174 N. W. 2d 497. We have concluded the issue between the parties was fully and fairly tried, and it is not probable that justice has miscarried.

*By the Court.*—The order is reversed and the cause remanded with directions to enter judgment on the jury verdict.