James B. ANELLO, Plaintiff-Appellant and Cross-Respondent,†

v.

James P. SAVIGNAC and Anne Savignac, Defendants-Respondents and Cross-Appellants,

Patrick SAVIGNAC, Defendant and Cross-Appellant.†

Court of Appeals

No. 82–1911. *Submitted on briefs June 6, 1983.— Decided November 8, 1983.* (Also reported in 342 N.W.2d 440.)

---

† Petition to review and cross-petition to review denied.

248

For the appellant and cross-respondent the cause was submitted on the briefs of *Kasdorf, Dall, Lewis & Swietlik, S.C.*, and *J. Ric Gass* of Milwaukee.

For the defendant-cross-appellant the cause was submitted on the brief of *James A. Walrath* and *Shellow, Shellow & Glynn, S.C.*, of Milwaukee.

For the respondents and cross-appellants the cause was submitted on the brief of *Hunter & Sommers* and *James R. Sommers* of Waukesha.

Brief of amicus curiae of Wisconsin Association for Children with Learning Disabilities was filed by *Robert C. Angermeier* and *Angermeier & Rogers* of Milwaukee.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   James Anello, a high school teacher, sued Patrick Savignac, a student, for battery.   Anello also sued Patrick's parents, James and Anne Savignac, for their negligent failure to control Patrick and for $1,000 under sec. 895.035, Stats.[1]   We affirm the trial

---

[1] Section 895.035, Stats., provides:

Parental liability for acts of minor child.   (1) The parent or parents having legal custody of an unemancipated minor child, in any circumstances where he or they may not be otherwise liable under the common law, shall be held liable for damages to property or for personal injury attributable to a wilful, malicious or wanton act of the child not to exceed $1,000, in addition to taxable costs and disbursements directly attributable to any wilful, malicious or wanton act of the child.

(2) Maximum recovery from any parent or parents of any child may not exceed the limitation provided in sub. (1) for any one wilful, malicious or wanton act of such child and if 2 or more children of the same parent or parents having legal custody commit the same act the recovery may not exceed in the aggregate $1,000, in addition to taxable costs and disbursements.

(3) This section shall not limit the amount of damages recoverable by an action against the child or children except that any amount so recovered shall be reduced and apportioned by the amounts received from the parent or parents under this section.

court's dismissal of Anello's negligence claim against Patrick's parents because he did not prove that they were negligent in failing to control Patrick. We also conclude that the court did not commit reversible error in admitting evidence; in failing to separately try the cases against Patrick and his parents; in failing to appoint a guardian ad litem for Patrick, who did not become an adult until just before the trial; or in allowing punitive damages against Patrick for acts he committed as a minor. We therefore affirm the judgment against Patrick for $6,000 in compensatory damages and $23,000 in punitive damages, and against his parents for their statutory liability of $1,000.

We accept the facts most favorable to the verdict. *Krueger v. Mitchell,* 112 Wis. 2d 88, 104–05, 332 N.W.2d 733, 741 (1983). Anello saw Patrick smoking outside the school building in violation of school rules. When Anello told Patrick to go to the school office, Patrick cursed Anello and was visibly upset. Because Anello was concerned for Patrick's safety and the safety of other students, he grabbed Patrick's arm in an attempt to move him away from the other students. This caused Patrick to stumble and fall. Patrick got up swinging and punched Anello three times in the face. Patrick then grabbed Anello's face and pushed his head into a corner. Another teacher eventually broke through the crowd of students, who had gathered to watch, and she broke up the fight.

This was not Patrick's first fight. He had been involved in five fights in the five previous years. After some of the fights, Patrick's parents "grounded" him or deprived him of privileges. Patrick's parents also cooperated for a time with school officials in an intensive program to correct Patrick's disciplinary problems. While there was some evidence that Patrick had a learn-

ing disability, there was also evidence that he had an above average I.Q.

The trial court correctly dismissed Anello's negligence claim against Patrick's parents. They did not permit the assault, *see Hoverson v. Noker,* 60 Wis. 511, 19 N.W. 382 (1884), and Anello did not prove that anything they could have done would have prevented it. Although hindsight suggests that they should have done something else, we can only speculate on what else might have worked with Patrick. Speculation is not a sufficient basis for a finding of causal negligence.

The court also correctly admitted evidence of Patrick's five earlier fights to prove his malicious intent. Patrick's intent was relevant to Anello's claim for punitive damages. *See Malco v. Midwest Aluminum Sales, Inc.,* 14 Wis. 2d 57, 66, 109 N.W.2d 516, 521 (1961); *see also Jameson v. Zuehlke,* 218 S.W.2d 326, 330 (Tex. Civ. App. 1948); sec. 904.04, Stats. The trial court properly cautioned the jury, both before the evidence was admitted and in its final instructions, that they could consider the evidence only on the issue of intent and not to establish the likelihood that Patrick committed the assault on Anello. *See Meke v. Nicol,* 56 Wis. 2d 654, 661, 203 N.W.2d 129, 133 (1973).

A new trial is not warranted simply because the court tried Anello's claims against Patrick and his parents together. Patrick did not raise this issue until after the trial, giving the trial court no opportunity to cure any error. We are also not persuaded that any evidence admitted in Anello's action against Patrick's parents caused any prejudice to Patrick's defense of Anello's battery action. *See Kletsch v. Waukesha County,* 61 Wis. 2d 662, 663–64, 213 N.W.2d 367, 369 (1974).

■ We will also not order a new trial because Patrick did not have a guardian ad litem during pretrial preparation. Patrick has not shown that he was prejudiced by not having a guardian ad litem while he was a minor. *See id.* He was represented from the start by competent counsel, and he was eighteen before the trial.

■ We find no basis for Patrick's claim that Anello's counsel defied the court's order barring the admission of evidence of Patrick's drug and alcohol use. Counsel's questions concerning drug and alcohol use were asked on cross-examination of a defense psychiatrist who had given his opinion that Patrick's assault on Anello was impulsive and that a cash judgment against Patrick would teach him nothing. The psychiatrist was asked if all the things he talked about with Patrick helped to shape his opinion. When he said they did, Anello's counsel asked several questions concerning the psychiatrist's discussions with Patrick about drug and alcohol use. Additionally, even if the questions had been improper, we would not reverse the judgment since these questions were only a minor part of a four-day trial, and it is unlikely that they had any bearing on the verdict.

■ The trial court correctly upheld the award of punitive damages against Patrick. Although Patrick was a minor when he assaulted Anello, he knew his act was wrong. The jury could reasonably infer from Patrick's history of assaultive behavior that he acted maliciously. A minor who acts maliciously may be held liable for punitive damages. *See Mullen v. Bruce,* 335 P.2d 945, 947 (Cal. 1959) ; *Kirkpatrick v. United States National Bank,* 502 P.2d 579, 582 (Or. 1972).

Additionally, the purpose of punitive damages is to punish and deter, *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 302, 294 N.W.2d 437, 458–59 (1980), and this purpose can be served in this case. The punitive damage award against Patrick serves a warning to other students and provides a lesson that Patrick will not soon forget. *Huchting v. Engel*, 17 Wis. 237, 240 (1863), cited by Patrick's counsel as barring the assessment of punitive damages against a minor, involved a six-year-old child. Patrick was almost seventeen at the time of the assault, and he was capable of forming malicious intent.

Twenty-three thousand dollars is not an excessive award. Whether an award is excessive will depend on the circumstances of the case. We must examine the circumstances to determine whether the award serves the purposes of punitive damages. *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 302, 294 N.W.2d 437, 459 (1980). Factors to be considered include the grievousness of the defendant's acts, the degree of malicious intent, deterrence of similar acts, and the defendant's ability to pay. *Id.*

The award against Patrick is justified by the vicious nature of the conduct and the humiliation suffered by Anello in being beaten while a crowd of students looked on. Patrick's five previous fights demonstrate a malicious intent and a need for deterrence. The award supports a strong public policy against students using violence against teachers. While Patrick's net worth of $1,000 is a relevant factor in setting punitive damages, it is not the only factor. *See Malco*, 14 Wis. 2d at 66, 109 N.W.2d at 521. If a defendant's net worth was the only factor to consider, punitive damages could never be awarded against an indigent.

Finally, we reject the amicus' contention that allowing punitive damages against Patrick violates public policy because Patrick suffers from a learning disability. Patrick's disability is manifest by poor self-control, impulsive behavior, an inability to sit still, and inattentiveness. Amicus argues that Patrick's anger with his inability to learn explains his violent behavior. Amicus fails, however, to cite any evidence that Patrick could not reasonably be expected to control his assaultive behavior or appreciate its consequences, which Patrick must learn to do if he wants to continue to freely live in our society.

*By the Court.*—Judgment affirmed.